UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL RAY EVANOFF, <br><br> Plaintiff, <br><br> v. <br><br> GARRETT P.D., et al., <br><br> Defendants. | CAUSE NO. 1:24-CV-348-PPS-AZ |

OPINION AND ORDER

Carl Ray Evanoff, a prisoner without a lawyer, filed a complaint against thirteen defendants alleging they violated his Fourth Amendment rights when he was falsely arrested for violating a protective order. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Evanoff alleges that, on September 26, 2022, he was arrested based on Officer Nathan Cox's false probable cause affidavit. ECF 1 at 1-6. According to the affidavit, at approximately 9:00 p.m., on September 26, Officer Cox and other Garrett Police Department officers were dispatched to Lisa Evanoff's house at the 900 block of West King Street in Garrett, Indiana regarding a protection order violation. *See*

*State v. Evanoff*, 17D01-2210-CM-000421 (DeKalb Super. Ct. filed Oct. 5, 2022), available at mycase.in.gov.[1] Lisa reported to Officer Cox that Evanoff, who is her ex-husband, had arrived at her residence and had been knocking on her backdoor. She indicated she observed Evanoff through the back window of her residence. Lisa also explained that Evanoff had previously trespassed onto her property and she had a protective order against him. She further reported that Evanoff had been trying to contact her throughout the day by sending her text messages and calling her. While Officer Cox was investigating the incident, he observed Evanoff calling Lisa and sending her text messages.

In the probable cause affidavit, Officer Cox noted he had reviewed the protective order, case number 17D02-2208-PO-000065, which states: "The Respondent is prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with the Petitioner, except: Nothing in the Order shall preclude telephonic or electronic communications at reasonable times that is relatedly solely to visitation with the parties' minor child(ren) or matters pertaining to the health and welfare of said child(ren)." The protective order also states: "The Respondent is ordered to stay away from the residence of the Petitioner." *See Evanoff,* 17D01-2210-CM-000421.

After determining there was probable cause to find Evanoff had violated the protective order, Officer Cox arrested Evanoff. He was charged with two misdemeanor crimes, including invasion of privacy (violating a protective order) and criminal

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018).

2

trespass. *See Evanoff*, 17D01-2210-CM-000421. In a subsequent case involving violations of the protective order, Evanoff was arrested and charged with stalking and two counts of invasion of privacy (violating a protective order). *See State v. Evanoff*, 17D01-2211-F5-000075 (DeKalb Super. Ct. filed Nov. 18, 2022). Pursuant to a joint plea agreement, Evanoff pled guilty to the stalking charge and one count of invasion of privacy in case number 17D01-2211-F5-000075, and the two misdemeanor charges -- invasion of privacy and criminal trespass -- in case number 17D01-2210-CM-000421 were dismissed. In other words, the incident described above that occurred on September 26, 2022, did not form the basis for his conviction and subsequent sentence of five years imprisonment.

Evanoff argues he was falsely arrested on September 26, 2022. ECF 1 at 3-6. He contends Lisa lied about him being at the backdoor of her residence because he was never there that day. *Id*. at 3-4. Evanoff asserts Lisa enlisted Lance Melchi, an ex-police officer, to file trumped up charges against him. *Id*. at 5. He asserts there is video and audio evidence exonerating him at his former attorney's office. *Id*. at 3. Evanoff contends that, on September 26, Lisa picked him up from the hospital and told him she would be back after she dropped him off. *Id*. She never returned so he started walking. Eventually, he made his way to Lisa's neighborhood and went to a neighbor's house. He then asked the neighbor to take a vase of flowers to his daughter, who lived with Lisa. *Id*. at 3-4. Evanoff admits that he was prohibited from going to Lisa's house due to a protective order. *Id.* Evanoff asserts he did not violate the protective order or

3

criminally trespass on her property that day. *Id*. Thus, Evanoff contends Officer Cox and Officer Brylon[2] did not have probable cause to arrest him on September 26, 2022.[3]

To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred."). "Determining whether an officer had probable

---

[2] Evanoff has sued an officer he has identified as Officer Brylon. However, that officer's name is Officer Braylon Gagnon. ECF 1 at 7.

[3] Evanoff mistakenly asserts he was falsely arrested on stalking and invasion of privacy charges in *Evanoff*, 17D01-2211-F5-000075, based on Officer Cox's probable cause affidavit and Lisa's allegations he trespassed on her property on September 26, 2022. ECF 1 at 4. However, a review of that case shows Officer Tyler Strahl issued the probable cause affidavit and attested to different events involving Lisa, which took placed in October and November 2022. Evanoff does not allege Officer Strahl's amended probable cause affidavit was false and does not discuss any of the events detailed in Strahl's affidavit.

4

cause to arrest entails a purely objective inquiry; the officer's subjective state of mind and beliefs are irrelevant." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013).

Evanoff chose to attach the incident report to his complaint. [DE 1 at 7-10.] The incident report, if true, establishes that Officer Cox and Officer Gagnon had probable cause to arrest Evanoff for violating the protective order. Here, the officers arrested Evanoff on September 26, 2022, because Lisa reported he had trespassed on her property and knocked on her backdoor. She told the officers she could see Evanoff through the back window of her residence. Lisa also reported that Evanoff had been attempting to contact her by sending her text messages and calling her throughout the day. While Officer Cox was discussing the incident with Lisa, he actually observed Evanoff sending her text messages and repeatedly calling her on her cellphone. Given these facts and circumstances, it was reasonable for the officers to believe Evanoff had violated the protective order. *McBride,* 576 F.3d at 707 (an officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed.").

Evanoff, however, claims that both Lisa and the arresting Officers, in coordination with others, lied in the statements that were provided to establish probable cause for his arrest. "An officer violates the Fourth Amendment if he intentionally or recklessly includes false statements in a warrant application and those false statements were material to a finding of probable cause." *Rainsberger v. Benner*, 913 F.3d 640, 647 (7th Cir. 2019). To determine whether the alleged false statements are

5

material, courts are to "eliminate the alleged false statements, incorporate any allegedly omitted facts, and then evaluate whether the resulting 'hypothetical' affidavit would establish probable cause." *Betker v. Gomez*, 692 F.3d 854, 862 (7th Cir. 2012). Evanoff alleges few concrete facts to support his serious allegations of false statements. He summarily claims he did not trespass on Lisa's property on September 26, 2022, and that Garrett police officers took his cellphone and deleted Lisa's text messages and phone calls she made to him that day. ECF 1 at 6. Evanoff adds in a vague allegation that Lisa is dating a former Garrett Police Department officer, but he also admits to contacting Lisa numerous times (a possible violation of the protective order in its own right).

As currently pleaded, Evanoff's allegations are insufficient and too summary in nature to establish a lack of probable cause. This is another way of saying the complaint as presently drafted is not plausible. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In order for the complaint to cross the line "from conceivable to plausible" Evanoff will need to provide additional details that highlight the alleged falsity in Lisa and his arresting officers' statements to support his claim and refute probable cause. *Id.* at 570. He will be given an opportunity to do so with the filing of an amended complaint.

Evanoff also cannot proceed against the other defendants he has named in this case. He has sued the State of Indiana. However, the Eleventh Amendment provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Burrus v. State Lottery Com'n of Ind.*, 546

6

F.3d 417, 420 (7th Cir. 2008) (internal quotation marks and citation omitted); *see also de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Therefore, he may not proceed against the State of Indiana.

Next, he sues Garrett Mayor Todd Fiandt.[4] Liability under 42 U.S.C. § 1983 is based on personal responsibility, and there is no indication from his complaint that Mayor Fiandt was personally involved in his arrest or even knew about it. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Evanoff may not proceed against Mayor Fiandt.

Evanoff has also sued DeKalb County, Indiana. However, DeKalb County can only be held liable if Evanoff's constitutional rights were violated due to an official policy, practice, or custom, and he does not allege that any policy, practice, or custom of DeKalb County caused his arrest. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Nor does his complaint contain factual content plausibly suggesting the existence of an official policy, practice, or custom of unconstitutional conduct in DeKalb County. He may not proceed here.

Next, he has sued the Garrett Police Department and Garrett Police Chief Keith Hefner. However, the Garrett Police Department is not an individual or even a policy-making unit of government that can be sued under 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding municipal police departments in Indiana are not suable entities). To the extent Evanoff has sued Police Chief Hefner,

---

[4] Evanoff lists Mayor Fiandt in the caption of his case, but never mentions him in the body of his complaint.

7

he does not allege the Police Chief was personally involved in his arrest or even knew about it. Furthermore, Police Chief Hefner is not liable to Evanoff merely because he may have supervised Officer Cox and Officer Gagnon. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks*, 555 F.3d at 596 (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff). Therefore, he cannot proceed against these two defendants.

Evanoff has also sued DeKalb County Superior Court Judge Adam Squiller. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation and citation omitted). Evanoff cannot proceed against Judge Squiller.

Next, he has sued DeKalb County Prosecuting Attorney Neal Blythe, former DeKalb County Prosecuting Attorney Clara Mary Winebrenner, and DeKalb County Chief Deputy Prosecuting Attorney Schuylar Casto.[5] However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil

---

[5] Evanoff has sued DeKalb County Chief Deputy Prosecuting Attorney Skyler Castro. However, the correct spelling of his first name is Schuylar.

8

suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Evanoff may not proceed here.

Evanoff has also sued two private individuals: Lisa Ann Marie Messer[6], his ex-wife, and Lance Melchi, his ex-wife's boyfriend. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Evanoff cannot sue either Messer or Melchi under 42 U.S.C. § 1983 because, as private individuals, they could not have plausibly violated his federal constitutional or statutory rights. Therefore, he may not proceed against them.

As a final matter, Evanoff requests that he be appointed counsel. ECF 14. Here, the complaint does not state a claim. Appointing counsel for Evanoff would not change the outcome of this case. Therefore, his request will be denied.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile."

---

[6] Lisa Evanoff's maiden name is Lisa Ann Marie Messer. ECF 1 at 3.

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). I will provide Evanoff one final chance to state a claim for false arrest against Officer Cox and Officer Gagnon.

For these reasons, the court:

(1) GRANTS the plaintiff until **March 2, 2026**, to file an amended complaint;

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice; and

(3) DENIES plaintiff's request for appointment of counsel [ECF 14]. Such a motion can be renewed if an amended complaint is filed and survives screening.

SO ORDERED on January 29, 2026.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT